CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 28 2006
JOHN F. CORCORAN, CLERK
BY: HMcDcvrdd
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY LEE WINSLOW, ) | |
| Plaintiff, ) | Civil Action No. 7:05cv00727 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J.W. ARMENTROUT, et al., ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

The plaintiff, Jerry Lee Winslow, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff claims that the defendants failed to provide him with adequate and prompt access to legal materials in violation of the First Amendment. Plaintiff seeks $ 200,000 in damages.

This matter is now before the court on defendants' motion for summary judgment. The court notified plaintiff of the defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion may result in dismissal and/or summary judgment being granted for the defendants. Plaintiff has now filed his response to the defendants' motion; thus, the matter is ripe for disposition.

After reviewing plaintiff's complaint, I find that there is no question of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, I will grant defendants' motion for summary judgment.

I.

Winslow complains that on December 1, 2004, while incarcerated at Red Onion State Prison ("ROSP"), he made a written request to the law library for forms for filing a petition for appeal in the Supreme Court, § 1983 forms, "DOP on SH," habeas corpus forms, and the rules of the Supreme Court. However, Winslow's request was denied because he had yet to return 47 pages of overdue

materials. Winslow claims that he submitted four subsequent requests for this material, but on each instance was informed that until the 47 pages of overdue materials were returned, no further materials would be loaned out. Winslow contends that he had in fact returned those materials before his December 1, 2004 request, and that the law librarian's failure to promptly provide him with the materials he requested caused him to miss a court imposed deadline and present an unprofessional and unsupported petition for a writ of habeas corpus.

Winslow has not provided any specific information as to the deadlines he missed, rather he states only that he missed a April 18, 2005 deadline in the Circuit Court for the Isle of Wright County, and that although he met a May 5, 2005 deadline in the Supreme Court of Virginia, his petition for relief was denied because he failed to file a timely notice of appeal. Winslow claims that had he been provided with a copy of the Rules of the Supreme Court of Virginia or the other materials he requested, he would have known that he needed to file a notice of appeal before filing his petition in the Supreme Court of Virginia. However, Winslow has not provided any details as to matters he intended to raise in either court nor has he provided any evidence which suggests that either court dismissed a pending petition or motion as untimely or for failure to meet a procedural requirement.

In support of their motion for summary judgment, defendants attached the affidavit of R. Farmer, the current law librarian at ROSP. Farmer states that segregation inmates, like Winslow, are not permitted access to the law library. Rather, those inmate may make a written request for up to seven cases/items and those materials are then forwarded to the inmate through the institutional mail system. Inmates are allowed to keep legal materials for one week, and if the inmate fails to promptly return those materials, no further items will be provided until the overdue borrowed items are either

2

paid for or returned. Farmer avers that institutional records reveal that on November 16, 2004, Winslow checked out 47 pages of materials from the law library. There is no record that those materials were ever returned; accordingly, when Winslow requested additional materials on December 1, 2004, his request was denied. On December 15, 2005, Winslow was notified in writing that he had 47 pages of overdue materials, and he would not be permitted to check out any additional materials until those pages were paid for or returned. Thereafter, Winslow's subsequent requests for materials were denied because he failed to return or pay for the outstanding 47 pages. However, in May, 2005, Farmer reinstated Winslow's library privileges, even though there was no record that the overdue materials were ever returned, because Winslow had not been permitted to check out any materials since November, 2004.

The defendants also note that Winslow was committed to the Virginia Department of Corrections on April 25, 2003, and thus, contend that any attempts to appeal his criminal conviction or file a petition for a writ of habeas corpus sometime after December, 2004, would have been untimely. Accordingly, as such petitions or appeals would have been untimely, Winslow cannot show any actual harm in any delay in his receipt of the requested legal materials. However, defendants have failed to provide any specific dates related to Winslow's conviction or appeals.

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute

3

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

Winslow alleges that the defendants failed to promptly provide him with various forms and rules of procedure, thereby causing him to miss at least one court imposed deadline and to present an unprofessional petition to the Supreme Court of Virginia without first filing a proper notice of appeal. To the extent this claim can be construed as a denial of the right to access to the courts pursuant to the First Amendment, it must fail. Reasonable access by prisoners to both state and federal courts and to communication with attorneys is a guaranteed right. <u>Ex parte Hull</u>, 312 U.S. 456 (1941); <u>see</u> <u>Procunier v. Martinez</u>, 416 U.S. 396 (1974). However, in addition to showing some interference with this right or some deficiency in the legal resources available to him, an inmate must produce evidence of actual injury or specific harm to some litigation involving a challenge to the conditions of his confinement or the fact of his confinement. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Strickler v. Waters</u>, 989 F.2d 1375 (4th Cir. 1993). In fact, in order to state a claim, an inmate must come forward with something more than vague and conclusory allegations of harm. He must point to some specific harm flowing from the alleged deficiency in the legal resources available to him or

his ability to communicate with counsel or the court. Lewis, supra.

Although Winslow contends that he missed court imposed deadlines regarding his state petition for a writ of habeas corpus, he has not provided any evidence which supports these claims. Winslow has failed to provide any court orders, pleadings, or any other legal documents which support his contention that he had a court deadline nor does he present any evidence which suggests that any suit he filed was dismissed as untimely.[1] Further, although Winslow claims that he was unable to file a habeas corpus petition in the Circuit Court for the Isle of Wright County because prison officials refused to provide him with the necessary forms, he does not allege these forms were only available from the institution.[2] Additionally, Winslow does not allege that prison personnel hindered his ability to correspond with the court nor that the court refused to provide him with the appropriate forms.

Moreover, in Virginia, a habeas corpus petition attacking a criminal conviction must be filed within two years from the date of final judgment of the trial court or within one year of final disposition of the matter in the state court, whichever is later. Va. Code § 8.01- 654(b). Although, Winslow claims that his deadline for filing his habeas petition was May 5, 2005, he did not request

---

[1] A review of the Virginia Court Case Information System establishes that Winslow's pled guilty on February 19, 2003 in the Circuit Court for the Isle of Wright County. He filed a notice of appeal in the Court of Appeals on February 27, 2003, and his appeal was denied on December 11, 2003. Winslow filed a notice of appeal in the Supreme Court of Virginia on January 9, 2004; and his appeal was refused on May 3, 2004. Accordingly, Winslow's state petition for a writ of habeas corpus was actually due on or before May 3, 2005.

[2] The court notes that Winslow makes no specific claim as to what deadline he missed in the Circuit Court of the Isle of Wright County. However, as it appears that Winslow's final appeal was denied in May, 2004, the court will assume that petitioner was attempting to file a state petition for a writ of habeas corpus.

the necessary forms until December 1, 2004. Winslow has made no attempt to explain why he made no effort to secure the forms for filing a state petition for a writ of habeas corpus for nearly eight months. The record establishes that prior to December, 2004, Winslow had access to the institutional law library and was regularly receiving the materials he requested, including the state and federal rules governing habeas corpus proceedings. Additionally, Winslow does not indicate he requested forms to file a state writ of habeas corpus from any state court, that those courts refused to provide him with the necessary forms, nor that the state court would only accept a petition for a writ of habeas corpus if a petitioner filed his motion on a pre-printed form. Accordingly, the court finds that Winslow effectively sat on his rights for nearly eight months before making any attempt to begin the process of filing a petition for habeas corpus, and even after discovering that ROSP would not provide him with the requested forms until he returned his overdue items, he failed to make any attempt to get the forms he deemed "necessary" from either the Circuit Court for the Isle of Wright County or the Supreme Court of Virginia nor to file a timely habeas petition or appeal with either court on something other than those forms. Accordingly, I find that Winslow has failed to demonstrate any actual injury or specific harm resulting from any action on the part of the defendants relating to his right to access the courts.

### III.

Based on the foregoing analysis, I find that the plaintiff has failed to present any issue of material fact and that the defendants are entitled to judgment as a matter and, therefore, grant defendant's motion for summary judgment. The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal

Case 7:05-cv-00727-JLK-mfu Document 24 Filed 04/28/06 Page 6 of 7 Pageid#: 104

with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 28th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge